PER CURIAM.
This disciplinary proceeding by The Florida Bar against Tracy Baxter, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b), the referee’s report and record were duly filed with this Court. No petition for review pursuant to Florida Bar Integration Rule, article XI, Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
As to TFB Case No. 04A82N51:
1. Respondent is, and at all times mentioned in this complaint was, a member of The Florida Bar, subject to the jurisdiction and Disciplinary Rules of the Supreme Court of Florida.
2. In September of 1980, Respondent represented Mr. E.W. Thomas in the sale of five acres of real estate to Mr. Jeff R. Smith. Mr. Smith was responsible for payment of attorney’s fees. Respondent prepared the closing documents which included a warranty deed, a promissory note, and a mortgage. All parties involved signed the necessary documents.
3. Sometime shortly after the closing Respondent was advised that the legal description of the parcel of land on the deed was incomplete and should be corrected. Respondent made no effort to correct the warranty deed or other documents containing the incomplete legal description of the land.
4. Meanwhile, Mr. Smith was trying to obtain a building permit for this property but was unable to do so because of the incorrect legal description on the deed. Jacksonville Electric Authority refused to install electrical power until these permits were obtained.
5. Respondent was aware of Mr. Smith’s dilemma but failed to actively take steps to remedy the incomplete legal description on the warranty deed.
6. Respondent corrected the warranty deed and other documents after several attempts by Mr. Smith and Mr. Thomas to persuade him to do so.
7. Respondent had Mr. and Mrs. Thomas sign the corrected warranty deed and other documents but notarized their signatures on the corrected documents as if they were signed in his presence on September 3, 1980, thus backdating the documents.
8. Despite the fact that all parties had signed the corrected warranty deed and corrected mortgage, Respondent refused to record the corrected deed until Mr. Smith also signed the corrected promissory note. Mr. Smith refused to sign this third document. Mr. Thomas did not instruct Respondent to require the signing of the corrected promissory note to complete the transaction.
9. As a result of Respondent’s refusal to record the corrected warranty deed, Mr. Smith was unable to obtain building permits for his newly purchased property-
10. ...
As to TFB Case No. 04A84N19:
1. Sometime in late August of 1981 Respondent agreed to represent Mrs. Jessie K. Neff and began probate proceedings of her late husband’s will.
2. Shortly after acquiring Mrs. Neff as a client, Respondent closed his law office and became almost completely inaccessible to Mrs. Neff.
*828 3. During the course of probating the Neff estate, Respondent had problems accounting for all the assets such as bonds and such of the estate. Respondent made little effort to reconcile this problem with Mrs. Neff.
4. Unable to reach Respondent by phone during 1982, Mrs. Neff wrote Respondent requesting a copy of the joint IRS return for 1981 which was in Respondent’s possession. The IRS planned to audit her files because of a question over a medical deduction. Mrs. Neff had itemized her late husband’s medical expenses but Respondent combined the figures into a single total.
5. After some preliminary action in late 1981, Respondent failed to complete probating the Neff estate. As a result[s] of his failure to respond to Mrs. Neff’s letter of September 14, 1982, Mrs. Neff had to obtain a copy of her 1981 joint return from Atlanta. As a result of Respondent’s neglect, Mrs. Neff was fined by the IRS for having filed an improper tax return.
6. On February 1, 1983, the Duval County Circuit Court ordered Mrs. Neff to fulfill the duties of the personal representative of the Neff estate within twenty days. Mrs. Neff unsuccessfully tried to contact Respondent to inform him of the order.
7. Respondent appeared in court on March 1,1983 to inform the court that he was having problems tracing treasury bills owned by the decedent. The court ordered that Mrs. Neff as personal representative file an inventory of the estate and serve a final accounting and petition for discharge within thirty days.
8. Respondent failed to inform Mrs. Neff of any action taken subsequent to the court orders. Mrs. Neff wrote Respondent demanding some sort of information on the case in a letter to Respondent dated April 5, 1983. Respondent never responded to this letter.
9. Judge John Cox of the Duval County Circuit Court wrote Respondent to inform him that the estate should be closed within the next ten days.
10. Respondent made no effort to comply with Judge Cox’s orders or to withdraw from representing the Neff estate.
11. During the course of Respondent’s representation of the Neff estate he lost Mrs. Neff’s files and records and was unable to return them to her upon Respondent’s being discharged.
12. ...
As to related matters:
1. Respondent has not paid his dues since August of 1980.
2. Respondent has made no effort to correct the delinquency of his due[s] payments.
3. Respondent practiced law while he was not a member in good standing.
4. ...
The referee recommends that respondent be found guilty of violation of Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4), (5) and (6); 6-101(A)(1), (2) and (3); 7-101(A)(l), (2) and (3); and 9-102(B)(4); Florida Bar Integration Rule, article II, Section 2; and article VIII, Section 1 and 2 and recommends respondent be disbarred from the practice of law in the State of Florida.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Tracy Baxter, is hereby disbarred from the practice of law in the State of Florida without leave to reapply for three years effective immediately.
Judgment for costs in the amount of $1,071.30 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, SHAW and BARKETT, JJ., concur.